UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WARNER BERRY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|      vs. ) | CAUSE NO.  1:06-cv-728-DFH-WTL |
| ) | |
| MARION COUNTY SHERIFF FRANK ) | |
| ANDERSON, et al., ) | |
| ) | |
|    Defendants. ) | |

### ENTRY ON MOTION TO QUASH

This cause is before the Court on the Defendants' Motion to Quash Subpoena Duces Tecum.  The motion is fully briefed, including supplemental briefing by the parties, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons set forth below.

Plaintiff Warner Berry alleges in this case that Defendant Ron Shelnutt, a deputy with the Marion County Sheriff's Department ("MCSD"), used excessive force while arresting him in the fall of 2004 and that the MCSD "maintained a practice, policy, or custom of deliberate indifference towards police misconduct involving Defendant Ronald Shelnutt and maintained a practice, policy, or custom of deliberate indifference towards investigating police misconduct involving Defendant Ronald Shelnutt."  Berry has served a non-party subpoena on Dr. Jeffrey Savitsky of the Institute for Public Safety Personnel ("IPSP") seeking documents relating to the following psychological evaluations of Deputy Shelnutt that were performed by IPSP:  May 29, 1998 (evaluation upon employment with the MCSD); March 7, 2001 (evaluation upon application to join the SWAT team); September 13, 2001 (evaluation upon application to become a K-9 officer); December 29, 2004 (a fitness for duty evaluation); and August 15, 2005

(a fitness for duty evaluation).  The Defendants concede that the final reports sent by IPSP to the MCSD are discoverable from the MCSD, but seek pursuant to Federal Rule of Civil Procedure 45(C)(3)(B)(ii) to quash Berry's subpoena seeking the remaining underlying documents and supporting materials directly from IPSP.  Rule 45(c)(3)(B)(ii) is not applicable to this situation, however, because it applies only to the opinions of or information from an unretained expert that resulted from "the expert's study made not at the request of any party."  In this case, anything done by IPSP was done at the request of the Marion County Sheriff, who is a party to this case.

In their supplemental briefing, which was submitted in this case because it was requested by Magistrate Judge Godich in a companion case, the Defendants argue that the information requested is protected by the psychotherapist-patient privilege recognized in *Jaffee v. Redmond*, 518 U.S. 1 (1996).  This Court finds, as did Judge Godich, that the privilege is inapplicable to this situation.  Deputy Shelnutt's interactions with IPSP were not those of a patient seeking diagnosis or treatment; rather, at the time of those communications Deputy Shelnutt was aware that a report was going to be made to his employer, and therefore he had no expectation of confidentiality.

The Defendants also argue that the information sought in the subpoena is not discoverable because it is irrelevant to the parties' claims and defenses in this case.  Given the broad scope of permissible discovery under the Federal Rules of Civil Procedure and Berry's claims of deliberate indifference by the MCSD toward misconduct by Deputy Shelnutt, the Court finds that the requested documents are relevant to the issue of what the MCSD knew about Deputy Shelnutt prior to the incident in question.

The motion to quash is **DENIED**.  The documents in question shall be produced **within 10 days of the date of this Entry**, pursuant to the protective order that already has been entered

in this case.

    SO ORDERED:  01/29/2007

                                                  Hon. William T. Lawrence, Magistrate Judge
                                                  United States District Court
                                                  Southern District of Indiana

Copies to:

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

Robert D. King Jr.
rking@kingandrogers.com

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

John C. Ruckelshaus
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jcr@rucklaw.com

Kevin C. Schiferl
LOCKE REYNOLDS LLP
kschiferl@locke.com